IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRISELDA BARRERA and EIDY GASPAR, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 13 C 5889 |
| v. | ) ) | Judge Samuel Der-Yeghiayan |
| STAFFING NETWORK HOLDING, LLC d/b/a STAFFING NETWORK and READERLINK, DISTRIBUTION SERVICES, LLC. | ) ) ) ) ) | Magistrate Judge Gilbert |
| Defendants. | ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT BETWEEN PLAINTIFF AND DEFENDANTS STAFFING NETWORK HOLDING, LLC AND READERLINK DISTRIBUTION SERVICES, LLC**

Now comes Plaintiffs Griselda Barrera and Eidy Gaspar, on behalf of themselves and other similarly situated persons, ("Plaintiffs"), and move this Court for Final Approval of the Settlement Agreement between Plaintiffs and Defendants Staffing Network Holding, LLC d/b/a Staffing Network and Readerlink Distributions Services, LLC, (the "Settlement"). In support of their Unopposed Motion for Final Approval, Plaintiffs states as follows:

1. On February 5, 2015, this Court granted Preliminary Approval to the Parties' Settlement agreement of up to Two Hundred and Twenty Four Thousand and 00/100 Dollars ($224,000.00) for Plaintiffs' alleged unpaid wages and notice violation claims on behalf of themselves and on behalf of a class of other similarly situated employees of Defendants arising under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Illinois Minimum

Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA"), and the Illinois Day and Temporary Labor Services Act ("IDTLSA") 820 ILCS 175/1 *et seq.*

      2.      Final approval is appropriate where the court determines that a settlement is fair, adequate, and reasonable. *Synfuel Techs., Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 652 (7th Cir. 2005). In determining whether a settlement is fair, adequate, and reasonable, courts in the Seventh Circuit consider a variety of factors including:

    a. the strength of plaintiffs' case, weighed against the settlement offer;

    b. the complexity, length, and expense of further litigation;

    c. the presence of collusion between the parties;

    d. the opinion of competent counsel;

    e. the reaction of class members to the proposal; and

    f. the stage of proceedings and discovery completed.

*In re Mexico Money Transfer Litig*., 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000) (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)). As explained in detail in Plaintiffs' supporting memorandum of law, the Parties' Settlement Agreement meets these factors and should be approved.

      WHEREFORE, Plaintiffs respectfully requests that the Court enter a Final Order approving the Parties' Settlement Agreement.

Respectfully Submitted,

Dated: June 23, 2015

s/Christopher J Williams
Christopher J. Williams
Alvar Ayala
Workers' Law Office, PC
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60605
(312) 795-9121

One of Plaintiffs' Attorneys